Court of Jurisdiction: Illinois, Northern District
Docket numbers: 07 CR 700-1
Judge: Reinenweber
Title of Case: Commit of Supervised Release Violation
Discriptive Title of My Document: I am humbly and respectfully requesting the Honorable Judge Reinenweber to make a recommendation for the maximum amount of R.R.C. placement (halfway house placement) or a recommendation of 9 months at the least, in order that I may obtain a sufficient duration to provide the greatest likelihood of successful reintegration into the community, as stated in The Second Chance Act of 2007: Community Safety Through Recidivism Prevention

**FILED**

JUL 2 4 2008  MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## Certificate Of Service

I, Carlos Tyrone Wilson #67406-004, swear under penalty of perjury that I served a copy of the attached document on Patrick Fitzgerald U.S. Attorney for the Northern District of Illinois, 219 South Dearborn Street, Room 500, Chicago, Illinois 60604 by placing it in the mail at the Metropolitan Correctional Center Chicago on July 20, 2008 (Please note that I sent it to Patrick Fitzgerald because I do not know the name of the U.S. Attorney who represented the U.S. Probation Department in my case, therefore please forward to the appropriate U.S. Attorney.)

Carlos Tyrone W.  #67406-004
Carlos Tyrone Wilson  #67406-004

CC: The Honorable Judge Reinenweber
    U.S. Attorney Patrick Fitzgerald

Carlos Tyrone Wilson #67406-004
Metropolitan Correctional Center - Chicago
71 West Van Buren
Chicago, Il. 60605

The Honorable Judge Leinenweber
United States District Courthouse
Northern District of Illinois Eastern Division
219 South Dearborn
Chicago, Il. 60604

RETURNED
JUL 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

July 9, 2008

Greetings Your Honor,

On March 4, 2008 I stood before You represented by Attorney Michael Gillespie requesting 17mths. incarceration for violation of my Supervised Release obligations, in which I take full responsibility of, and even to this day in court I have maintained employment since my release of July 2006, prevented any criminal behavior that would be cause for a new case, rehabilitated myself by becoming a responsible and productive member of society as well as an asset to my community, paid taxes, voted, took care of my responsibilities as a man, brother, father, significant other and son; but most importantly become no longer a candidate for recidivism. Because of minor technical violation, on March 18, 2008, I had to turn myself into the custody of the U.S. Marshalls to serve the sentence imposed upon me. This placed me into a position where I had to quit my job, terminate the lease to my apartment, close out my bank account, try to exhaust as much open debt as possible; but was unable to do so and now causing me to be placed in greater debt upon my release. I lost out on a job opportunity with the City of Chicago as a Traffic Aide Controller as well as loss of the ability to participate in the 3rd phase of testing for a certification in construction with the City of Chicago which was being offered through the Rush Project (for more info feel free to contact Barbara at 312-588-3865).
Your Honor, even though I've made some bad choices and many mistakes,

I sincerely believe that I deserve a second chance to re-establish myself within society and be afforded a sufficient amount of time to regain what I have temporarily lost and save what I've worked so hard to establish.

Upon my release from the custody of the Bureau of Prisons; in which is 04-28-09 with R.R.C. placement (note that they only considered me for 44 days halfway house), 06-11-09 with Good Credit Time or 08-16-09 full term expiration date, I will be unemployed, homeless and without money. Also, I will have created another gap in my resume as well as lose contacts in which I've worked so hard to establish prior to me being reincarcerated, due to a Supervised Release violation, in which I was sentenced to 17 mths. in order to terminate the remainder of my Supervised Release obligations. I need the maximum amount of R.R.C. placement or at the least 9 mths in order to find employment, save some money, find and secure a place to live and to try and save what I've worked so hard to establish as well as regain what I've temporarily lost.

On April 9, 2008, President Bush signed the Second Chance Act of 2007: Community Safety Through Recidivism Prevention (also known as H.R. 1593) to fund programs that can help inmates become productive citizens when they are released from prison. The Second Chance Act of 2007 eliminates 18 U.S.C. § 3624(c)'s reference to placing a prisoner in a halfway house for only 10 percent of the prisoner's sentence, a provision the BOP has relied on to limit halfway house time to only the final 10 percent of the prisoner's good-time adjusted sentence or six months, whichever was shorter. The BOP had relied on a mistaken reading of the 10 percent provision to issue regulations limiting it's own ability to consider a prisoner for pre-release halfway house to the final 10 percent or six months of the prisoner's good-time adjusted sentence, the Second Chance Act clarifies the statute governing federal halfway house placement prior to release, and ensures consideration of longer placements determined on an individual basis and of sufficient duration to provide the greatest likelihood of successful reintegration into the community. And due to the fact that upon my release I will be homeless, unemployed, without money, my background, my age, the length of my sentence, the current recession, high food and

Case 1:07-cr-00700    Document 7    Filed 07/24/2008    Page 4 of 17

gas prices, the failing economy and the high unemployment rate, I am in drastic need of the maximum amount of R.R.C. placement, at the least 9 months in order that I can be able to find and secure employment, save up some money for a place to live and to be able to provide for myself.

As of the date of this letter, I am in the process of exhausting my Administrative Remedy Procedures requesting the maximum amount of R.R.C. placement due to my drastic and urgent needs. I am currently at the last stage before I place in a motion to the courts and at this point I have been denied upon all levels based upon the 5 factors of 18 U.S.C. § 3621(b) in which the staff, Bureau wide, use for the criteria for consideration, but Your Honor, please note that the 5 factors of 18 U.S.C. § 3621(b) has always been the criteria used for consideration and because The Second Chance Act of 2007 has eliminated 18 U.S.C. 3624(c)'s reference to placing a prisoner in a halfway house for only 10 percent of the prisoner's sentence it has nothing to do with the 5 factors of 18 U.S.C. 3621(b) cause that law is still existing and once again has always been the criteria used for consideration by all staff Bureau wide, and should not hinder or be the cause for denial of my request for the maximum amount of R.R.C. placement.

Therefore Your Honor, I am humbly and respectfully requesting from you, in writing, a recommendation for the maximum amount of R.R.C. placement or atleast 9 months R.R.C. placement at your earliest convenience, that will provide me with a sufficient duration to provide me the greatest likelihood of a successful reintegration into the community.

Also Your Honor, please note that I am not trying to undermine the sentence imposed, nor am I trying to manipulate the system or the law, but what I am doing is trying to prevent myself from failure by trying to get back what I have temporarily lost and trying to save what I have worked so hard to establish and due to the failing economy, the current recession, high unemployment, the weak dollar, the high cost of food and gas, along with my criminal background, length of my sentence, my age and the fact that upon my release, I will be unemployed, homeless and without money, I sincerely feel, Your Honor, that I deserve

a second chance at freedom inorder to show that I have become responsible, that I am rehabilitated and that I am no longer a candidate for recidivism.

        Thank You Very Much In Advance.

            Sincerely

        Mr. Carlos Tyrone Wilson

P.S.

Your Honor, I also must inform you that since I've been here at this institution, I have successfully completed the drug program that You recommended me to complete and I've also successfully completed a Victims Impact class and I have the certificates to prove this fact; also I'm now enrolled in a Parenting class in which I will successfully complete in 5 weeks. I have also enclosed a copy of a Recidivism Prevention Proposal in which I put together using the resources of The Second Chance Act of 2007: Community Safety Through Recidivism Prevention and Title I - Amendments Related to The Omnibus Crime Control and Safe Streets Act of 1968 as I understand them inorder to present to Ada S. McKinley, a non profit organization in which I worked for prior to my re-incarceration. I also enclosed a copy of a letter written by my former employer, Mr. Marion L. Sleet, Division Director of Behavioral Health Services for Ada S. McKinley. Please Your Honor, take all of this into consideration and know that not only have I rehabilitated myself that I plan to help others with this Proposal as well as by taking a class at Harold Washington Community College in mentoring so that I can be effective physically. Once again Your Honor, Thank You!



# CARLOS WILSON

Congratulations! You have successfully completed the "**Getting It Right: Transitioning To The Community**" non-residential treatment program at the Metropolitan Correctional Center, Chicago, Illinois on June 18, 2008.

The "**Getting It Right**" program emphasized relapse prevention with the philosophy of personal responsibility as its core. The focus was on addressing the opportunity of change, while coping with high-risk situations associated with relapsing into criminal behavior and substance abuse. Taking ownership of your life and pursuing a lifestyle that will assist you in reaching your goals was emphasized. Identifying and correcting thinking errors, pursuing healthy relationships, an developing appropriate, pro-social methods of communication were areas that were addressed during your group participation.

The undersigned commend you for your effort and accomplishment. We hope that the knowledge you acquired will stay with you, and help you, as you continue to build healthy ways of living and relating.

_Daniel Greenstein, Psy.D._
Daniel Greenstein, Psy. D.
Drug Abuse Program Coordinator

_John A. Pindelski, Ph.D._
John A. Pindelski, Ph.D.
Chief Psychologist

# Certificate of Excellence



This Certifies That

CARLOS WILSON

In Recognition of Outstanding Service for

PARTICIPATION IN THE VICTIM IMPACT HOMICIDE COUNSELING SEMINAR

has been duly selected by the committee of Awards to receive this Certificate.

Given at THE METROPOLITAN CORRECTIONAL CENTER IN CHICAGO, ILLINOIS this 2ND day of JULY in the year 2008.

SIGNATURE

Signature

## RECIDIVISM PREVENTION PROPOSAL

**Purpose** : To establish a business relationship between the Federal Bureau of Prisons, "Metropolitan Correctional Center, Chicago" and Ada S. McKinley, a non-profit organization, similar to the relationship already established with the Salvation Army, which is to help establish programs, mentoring, counseling, job training, job placement, etc., to prisoners being released from prisons preparing for reentry into the community.

**Goal** : To help relieve some of the over flow of prisoners being released to the Salvation Army Comprehensive Sanction Center, (the resources of the facility contemlated) by training Ada S. McKinley staff on how the Federal Bureau of Prisons want to establish a criteria/rules of operating such a facility that will eventually broaden the Federal Bureau of Prisons designating ability here in the Chicago area as stated in **18U.S.C.§3621(b) placement of prisonment.**

**Plan** :  **Improvements to Existing Programs** - including but not limited to :

1) Manditory schooling (G.E.D. & E.S.L. classes)
2) Establishing 2yr. college courses
3) Establishing a certification program of trades (laborer, electrician, plumbing, etc.)
4) Computer literacy programs
5) C.D.L./Drivers license classes
6) Food Services/Sanitation certification programs
7) Resume development/interviewing skills classes
8) Parenting
9) Entrepeneur classes
10) Establish a common Sense/Thinking for a Change/Recidivism Prevention class
11) Drug Treatment programs
12) Counseling/Mentoring programs
13) Etiquettecy courses
14) Technology Careers Training courses

**Utilization of Established Organizations to Improve Offender Reentry Services** - including but not limited to :

1) Ada S McKinley
2) Cease Fire
3) The Woodlawn Oraganization
4) The Safer Foundation
5) I.D.E.S.
6) The Salvation Army
7) The Chicago Workforce Center

pg.1




**ada s. mckinley community services, inc.**

mckinley intervention services
2715 west 63rd street
chicago, illinois  60629
(773) 434-5577
fax (773) 434-6756
tdd (773) 434-5841

February, 14, 2008

To whom it may concern:

My name is Marion G. Sleet and I have worked for over thirty years in mental health and substance abuse treatment and rehabilitation programs. I am Division Director of Behavioral Health services for Ada S. McKinley Community Services, a Chicago-based social service organization that serves approximately 12,000 clients annually.

I have known Mr. Carlos Wilson in his capacity as part-time Maintenance Worker in my Division from March, 2006 through February, 2007. At the time that I hired him, I was fully aware of his conviction.

During his tenure with Ada S. McKinley, I had the opportunity to know him as an employee and as a person. As an employee, he did an excellent job in this position and was a definite asset to our division. He performed basic maintenance, repair and custodial duties at four of Ada S. McKinley's office locations in Chicago.

In addition, he demonstrated an ability to work independently when performing his assigned tasks. He was punctual and dependable and demonstrated resourcefulness and sound judgment in the handling problems with our facilities.

Moreover, his rapport with other employees, our clients, and suppliers was excellent because of his demeanor, positive attitude and excellent interpersonal skills.

As a person, I believe he is someone who has accepted responsibility for his past mistakes and has the ability to become a very productive citizen if given the opportunity.

If you require additional information from me, Please do not hesitate to contact me at 773-434-5577.

Sincerely,

*Marion G. Sleet*
Marion G. Sleet
Division Director

# METROPOLITAN CORRECTIONAL CENTER, CHICAGO, ILLINOIS



## CERTIFICATE OF COMPLETION

This certificate is awarded to

# Carlos Wilson

"GETTING IT RIGHT -TRANSITION TO THE COMMUNITY" NON-RESIDENTIAL DRUG ABUSE TREATMENT GROUP

Approximately 11 hours

This certificate is hereby issued this 18th Day of JUNE 2008

_____
D. Greenstein, Psy.D. Drug Abuse Program Coordinator

8) Illinois Skills Match
9) The Rush Project
10) U.S. Probation Department
11) S.E.D.A.C.


**Enhanced Drug Treatment and Mentoring Grant Programs :**

Ada S. McKinley is an established non-profit organization, who has been providing services in various communities throughout the city of Chicago for many years. They provide services in such fields of; but not limited to interventions, mentoring, drug counseling, job placement, resume preparation/developing interviewing skills, housing, education, etc. for adults, teens, and children. They offer a wide range of services that could help prisoners who need preparation for their reentry back into the community. Also Ada S. McKinley has many professional grant writers to help solicit financial contributions in order to help fund these programs and under **H.R.1593 : The Second Chance Act of 2007 : Community Safety Through Recidivism Prevention** they offer money to support such programs that will help prevent recidivism and help prepare prisoners for their reentry back into the communities. They offer grant programs in which Ada S. McKinley can provide the grant writers for the solicitation of these monies for these various programs and to help establish another facility (Community Corrections Center) that will help to provide the same services as provided by the **Salvation Army Comprehensive Sanction Center** which will also help the Bureau of Prisons in designating the place of the prisoners imprisonment by using as a criteria for consideration, the 5 factors of 18 U.S.C.§ 3621 (b). In establishing a relationship with and utilizing Ada S.McKinley for it's services, and professional Grant writers, the Bureau of Prisons can establish another Community Corrections Center here in Chicago under the veil of Ada S. McKinley using the rules & regulations of the Bureau Of Prisons. Ada S. McKinley can obtain information concerning theGrant Application process in order to solicit the necessary finances from the Government to establish this Community Corrections Center, establish programs, establish a Drug Treatment Program and to pay staff to operate these programs, this will help in the recidivism prevention of prisoners who reenter communities after their release from prison.

Section 2978 : **State, Tribal, and Local Reentry Courts Grants Authorized** - The attorney General may award grants, in accordance with this section, of not more than $500,000.00 to :
(1) State, Tribal, and local courts; and
(2) State agencies, municipalities, public agencies, non-profit organizations, territories, and Indian Tribes that have agreements with the courts to take the lead in establishing a reentry court (as described in section 2976 (b)(19)).
(b) **Use of Grant Funds** - Grant funds awarded under this section shall be administered in accordance with such guidelines, regulations, and procedures as promulgated by Attorney General,

and may be used to :
(1)  monitor juvenile and adult offenders reentering the community;
(2)  provide juvenile and adult offenders reentering the community with coordinated and comprehensive reentry services and programs such as :
   (a)  drug and alcohol testing and assessment for treatment;
   (b)  assessment for substance abuse from a substance abuse professional who is approved by the State or Indian Tribe and licensed by the appropriate entity to provide alcohol and drug addiction treatment, as appropriate;
   (c)  substance abuse treatment from a provider that is approved by the State or Indian Tribe, and licensed, if necessary, to provide medical and other health services;
   (d)  health (including mental health) services and assessment;
   (e)  after care and case management services that-
     (i)  facilitate access to clinical care and related health services; and
     (ii)  cooridate with such clinical care and related health services; and
   (f)  any other services needed for reentry;
(3)  convene community impact panels, victim impact panels, or victim impact educational classes,
(4)  provide and coordinate the delivery of community services to juvenile and adult offenders, including-
   (a)  housing assistance
   (b)  education
   (c)  job training
   (d)  conflict resolution skills training
   (e)  better intervention programs; and
   (f)  other appropriate social services; and
(5)  establish and implement graduated sanctions and incentives.
(C) **Rule of Construction** - Nothing in this section shall be constured as preventing a grantee that operates a drug court under part EE at the time a grant is awarded under this section from using funds from such grant to supplement such drug court in accordance with paragraphs (1) through (5) of subsection (b).

(D)  **Application** - To be eligible for a grant under this section, an entity described in subsection (2) shall, in addition to any other requirements required by the Attorney General, submit to the Attorney General an application that-
(1)  describes the program to be assisted under this section and the need for such programs;
(2)  describe a long term strategy and detailed implemention plan for such program, including how the entity plans to pay for the program after the Federal funding is discontinued;

pg.3

(3)   identifies the governmental and community agencies that will be coordinated by the project;
   (4)   certifies that-
      (a)   all agencies affected by the program, including community conections and parole entities, have seen appropriately consulted in the developement of the program;
      (b)   there will be appropriate coordination with all such agencies in the implementation of the program; and
      (c)   there will be appropriate coordination with the Single State Authority for Substance Abuse (as that is defined in section 201 (e) of the Second Chance Act of 2007) of the State; and
(5)   describes the methodology and outcome measures that will be used to evaluate the program.

(e)   **Annual Report** - Each entity receiving a grant under this section shall submit to the Attorney General, for each fiscal year in which funds from the grant are expended, a report, at such time and in such manner as the Attorney General may reasonably require, that contains-
   (1)   a summary of the activities carried out under the program assisted by the grant;
   (2)   an assessment of whether the activities are meeting the need for the program identified in the application submitted under subsection (d); and
   (3)   such other information as the Attorney General may require.

(g)   **Authorization of Appropriations** :
   (1)   **In General** - There are authorized to be appropriated $10,000,000.00 for each of fiscal years 2009 and 2010 to carry out this section.
   (2)   **Limitations; Equitable Distribution** -
   (a)   **Limitations** - Of the amount made available to carry out this section in any fiscal year -
      (i)   not more than 2 percent may be used by the Attorney General for salaries and administrative expenses; and
      (ii)   not more than 5 percent nor less than 2 percent may be used for technical assistance and training.
   (b)   **Equitable Distribution** - The Attorney General shall ensure that grants awarded under this section are equitable distributed among the geographical regions and between urban and rural populations, including Indian Tribes, consistent with the objectives of reducing recidivism among criminal offenders.

**Prosecution Drug Treatment Alternative To Prison Program**

**Section 2901 Grant Authority** :
   (a)   **In General** - the Attorney General may make grants to State, Tribal and local prosecutors, development, imprisonment, or expand qualified drug treatment programs that are alternatives to imprisonment, in accordance with this part.

pg.4

time as the Attorney General requires.
   (b) Contents - an application under subsection (2) shall include a description of the methods and measurements the application will use for purposes of evaluating the program involved.

Section 201 - Offender Reentry Substance Abuse and Criminal Justice Collaberation Program.

Section 212 - Responsible Reintegration of Offenders.
Section 213 - Bureau of Prisons Policy On Mentoring Contacts :
   (a) In General - Not later than 90 days after the date of enactment of this Act, the Director of the Bureau of Prisons shall, in order to promote stability and continued assistance to offenders after release from prison, adopt and implement a policy to ensure that any person who provides mentoring services to an incarcerated offender is permitted to continue such services after that offender is released from prison. That policy shall permit the continuation of mentoring services unless the Director demonstrates that such services would be a significant security risk to the released offender, incarcerated offenders, persons who provide such services, or any other persons.
   (b) Report - Not later than September 30, 2009, the Director of the Bureau of Prisons shall submit to congress a report on the extent to which the policy described in subsection (a) has been implemented and followed.

Section 243 - Addressing The Needs of the Children of The Incarcerated Parents.

Section 244 - Study of Effectiveness of Depot Naltrexone For Heroin Addiction.

Section 245 - Authorization Of Appropriations For Research.

Section 251 - Clarification of Authority To Place Prisoners In Community Corrections.

Section 252 - Residential Drug Abuse Program In Federal Prisons.


Section 253 - Contracting for services for Post-Conviction Supervision Offenders :

Section 3672 of Title 18, United States Code, is amended by inserting after the third sentence in the seventh undesignated paragraph the following : He also shall have the authority to contact with any appropriate public or private agency or person to monitor and provide services to any offenders in the community authorized by this Act, including treatment, equipment, and emergency housing, connective and preventative guidance training, and other rehabilitative services designed to protect the public and promote reentry of the offender into the community.

Section 2907 - Definitions :
In this part :
(1) State or Local Prosecutor
(2) Eligible Offender (A-D)
(a) Authorization - Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 V.S.C. 3711 et seq.) is amended by inserting after part BB.
(b) Authorization of Appropriations - Section 1001 (a) of title I of the Omnibus Crime Control and Safe Streets act of 1968 (42 U.S.C. 3793 (a)) is amended by adding at the end of the following new paragraph : (26) There are authorized to be appropriated to carry out part CC $10,000,000.00 for each fiscal years 2009 and 2010.

Grants for Family - Based Substance Abuse Treatment :
Section 2921 - Grants Authorized :
The Attorney General may make grants to State, units of local government, territories, and Indian Tribes to :
(1) develop, implement, and expand comprehensive and clinically appropriate family - based substance abuse treatment programs as alternatives to incarceration for non-violent parent drug offenders; and
(2) to provide prison-based family treatment programs for incarcerated parents of minor children.

Section 2922 - Use of Grant Funds :
Grants made an entity under section 2921 for a program described in section may be used for :
(1) the development, implementation, and expansion of prison-based family treatment programs in correctional facilities for incarcerated parents with minor children (except for any such parent who there is reasonable evidence to believe engaged in domestic violence or child abuse);
(2) the development, implementation, and expansion of residential substance abuse treatment;
(3) coordination between appropriate correctional facility representatives and the appropriate governmental agencies;
(4) payments to public and non-profit private entities to provide substance abuse treatment to non-violent parent drug offenders participating in that program;
(5) salaries, personnel costs, facility costs, and other costs directly related to the operation of that program.

Section 2923 - Program Requirements :
(a) In General - A program for which a grant is made under section 2921(1) shall comply with the following requirements : (see 1-8 of this section)
(b) Prison-Based Programs - A program for which a grant is made under section 2921(2) shall comply with the following requirements : (see 1-3 of this section).

Section 2924 - Applications :
(a) In General - an entity described in section 2921 desiring a grant under this part shall submit to the Attorney General an application in such form and manner, and at such

pg.6

(b) Qualified Drug Treatment Programs Described - For the purposes of this part, a qualified drug treatment program is a program - (1-7 under this section)

Section 2902 - Use of Grant Funds :
(a) <u>In General</u> - A State, Tribal, or local prosecutor that receives a grant under this part shall use such grant for expenses of a qualified drug treatment program, including for the following expenses :
   (1) Salaries, personnel costs, and other costs directly related to the operation of the program, including the enforcement unit.
   (2) Payments for substance abuse treatment providers that are approved by the State or Indian Tribe and licensed, if necessary, to provide alcohol and drug addiction to eligible offenders participating in the program.
Including aftercare supervision, vocational training, education, and job placement.
   (3) Payments to public and non-profit private entities that are approved by the State or Indian Tribe and licensed, if necessary, to provide alcohol and drug addiction treatment to offenders participating in the program.
(b) <u>Supplement and Not Supplant</u> - Grants made under this part shall be used to supplement, and not supplant, non-Federal funds that would otherwise be available for programs described in this part.

Section 2903 - Applications :
To request a grant under this part, a State, Tribal, or local prosecutor shall submit an application to the Attorney General in such form and containing such information as the Attorney General may reasonably require. Each such application shall contain the certification by the State, Tribal, or local prosecutor that the program for which the grant is requested is a qualified drug treatment program, in accordance with this part.

Section 2904 - Federal Share :
The Federal share of a grant made under this part shall not exceed 75 percent of the total cost of the qualified drug treatment program funded by such grant for the fiscal year for which the program receives assistance under this part.

Section 2905 - Geographic Distribution.
Section 2906 - Reports and Evaluations :
For each fiscal year, each recipient of a grant under this part during that fiscal year shall submit to the Attorney General a report with respect to the effectiveness of activities carried out using that grant. Each report shall include an evaluation in form and containing such information as the Attorney General may reasonably require. The Attorney General shall specify the dates on which such reports shall be submitted.

pg.5

Closing Statement of Proposal :

    These grant programs are offered under The Second Chance Act of 2007 : Community Safety Through Recidivism Prevention H.R. 1593 to decrease the recidivism rate of persons being released from prisons and to provide opportunities/services to help alleviate such problems that commonly causes recidivism and prepare offenders for reentry into communities. This proposal only provides general information as a rough draft of a golden opportunity for business purposes as well as, and most importantly the rehabilitation of the incarcerated; also to establish a potential union between The Federal Bureau of Prisons : Metropolitan Correctional Center - Chicago, Illinois and Ada S. McKinley, who like the Salvation Army provides services for the communities and its residents, who are in need of and who can benefit from such services offered.

Resources used to support proposal :
The Second Chance Act of 2007 : Community Safety Through Recidivism Prevention.
Title I - Amendments Related to The Omnibus Crime Control and Safe Streets Act of 1968.